State v. Horne

STATE OF NORTH CAROLINA v. RONNIE HORNE

No. 7426SC85

(Filed 3 April 1974)

1. **Robbery § 4— robbery with a dangerous weapon — sufficiency of evidence**

   Trial court did not err in allowing the robbery with a dangerous weapon charge to go to the jury where the evidence tended to show that defendant removed his victim's eyeglasses and started beating him in the eye, a third person approached and started beating the victim with a board while defendant continued to use his fists, defendant then took his victim's wallet containing $1500 and fled with the third person.

2. **Constitutional Law § 30— seven months between arrest, trial — no denial of speedy trial**

   Defendant was not denied his right to a speedy trial where he was arrested on 3 January 1973 and indicted on 2 April 1973; though counsel was appointed for defendant in January, he never requested that the case be calendared until after 4 July 1973; and on 3 August 1973 the case was placed on the calendar for trial.

3. **Criminal Law § 91— failure of witness to appear — continuance properly denied**

    Trial court did not err in denying defendant's motion for a continuance because defendant's witness who had been subpoenaed failed to appear where the record revealed that the subpoena for the witness was issued on the morning of the commencement of the trial, twenty minutes before the motion for continuance was made.

4. **Robbery § 5— robbery with a dangerous weapon — common law robbery — instruction**

    Trial court's instructions as to robbery with a dangerous weapon and the lesser included offense of common law robbery were proper.

APPEAL by defendant from *McLelland, Judge,* 13 August 1973 Session of Superior Court held in MECKLENBURG County. Argued in the Court of Appeals 13 March 1974.

Defendant was charged in a bill of indictment with the felony of robbery with a dangerous weapon. Prior to pleading, defendant moved to dismiss on the grounds that he had been denied a speedy trial. Evidence was presented on the motion, following which the trial judge made findings of fact and conclusions of law. The trial judge denied the motion to dismiss. The State's evidence tended to show that on 8 September 1972, Herman Dulin, the prosecuting witness, was attacked by the defendant on the premises of the Ashland Oil Company in Charlotte, North Carolina. After defendant removed Dulin's eyeglasses, he started beating Dulin in the right eye, and both he and Dulin fell to the ground. While the altercation continued, a Negro male appeared and said to Dulin, "God damn you, I'm going to kill you." The Negro male then struck Dulin repeatedly with a board about the head, arms, and torso. Defendant continued to hit Dulin with his fists. Defendant then took Dulin's wallet containing $1,500.00 in currency and fled, accompanied by the Negro male. Dulin was then driven to the hospital by the warehouse manager for Ashland Oil Company, who testified as to the extent of Dulin's injuries.

At the scene of the beating, a detective with the Charlotte Police Department found a blood-stained board in the area of the scuffle, Dulin's eyeglasses, and papers which had originally been in Dulin's wallet.

At the conclusion of the State's evidence, defendant moved to dismiss, and pleaded, in the alternative, that if the matter should go to the jury, it should go to the jury only on the question of common law robbery. The motion was denied.

The defendant testified in his own behalf that he had left a tape player in Dulin's possession with the understanding that Dulin would pay defendant $40.00 at a later date. On 8 September 1972, defendant demanded $40.00 or the tape player; Dulin advised defendant he would take it out of the money defendant owed Dulin. When Dulin reached for his back pocket, defendant grabbed him, thinking Dulin had a gun on his person. Defendant testified that Dulin started swinging, and defendant struck back in self-defense, while attempting to flee.

Defendant testified that the man who had given him the tape player to sell, and who had accompanied defendant to the place of Dulin's employment, came up to Dulin after defendant had fled the scene. Defendant, before leaving the scuffle site, observed Dulin and the other man kicking and swinging at each other.

At the close of all the evidence, defendant renewed his motion to dismiss. The motion was denied. Defendant was found guilty of robbery with a dangerous weapon.

*Attorney General Morgan, by Assistant Attorney General Magner, for the State.*

*Hamel, Cannon & Hamel, by William F. Hamel, for defendant.*

BROCK, Chief Judge.

[1] Defendant contends that the trial court erred in allowing the robbery with a dangerous weapon charge to go to the jury. Considering the evidence in the light most favorable to the State, each of the elements of the offense of robbery with a dangerous weapon is present. Under these circumstances, the question was properly submitted to the jury. This assignment of error is overruled.

Defendant contends that the trial court erred in failing to dismiss the case on the ground of denial of his right to a speedy trial.

[2] The trial judge, upon hearing evidence following defendant's motion, made findings of fact which showed that defendant had been arrested on 3 January 1973 on separate warrants charging armed robbery and murder; that on 5 March 1973, a preliminary hearing was conducted in District Court where prob-

able cause was found in each case, and defendant was bound over to the Superior Court; that true bills of indictment were returned in each case on 2 April 1973; that investigation of the cases was made and the case of the codefendant was disposed of in May, 1973; that counsel for defendant was appointed in January, 1973, but never contacted the district attorney about setting the cases for trial until after 4 July 1973; that counsel filed a motion to dismiss the case for denial of a speedy trial on 19 July 1973; and that on 3 August 1973, the robbery case was placed on the calendar for trial. The trial judge then concluded that defendant had failed to show denial of a speedy trial and denied the motion to dismiss.

Whether an accused has been granted or denied a speedy trial is to be determined in the light of the facts and circumstances of each particular case; and, absent a statutory standard, what is fair and reasonable time is within the discretion of the court. *State v. Lowry* and *State v. Mallory,* 263 N.C. 536, 139 S.E. 2d 870.

The finding of the trial judge that defendant did not request trial until after 4 July 1973, would indicate that defendant was not seeking an expeditious adjudication but was content to await trial at a later date. "A defendant who has been indicted is in a position to demand a speedy trial. Indeed, if he does not do so he will waive his right to the constitutional guarantee. (Citations omitted.)" *State v. Johnson,* 275 N.C. 264, 167 S.E. 2d 274. This assignment of error is overruled.

[3] Defendant argues that the trial court erred in not allowing defendant's motion for a continuance because defendant's witness, who had been subpoenaed, failed to appear. The record reveals that the subpoena for the witness was issued on the morning of the commencement of the trial, twenty minutes before the motion for continuance was made.

Defendant's effort to obtain a continuance appears inconsistent with his argument that he was denied a speedy trial. "A motion for continuance is ordinarily addressed to the discretion of the trial judge and his ruling thereon is not subject to review absent abuse of discretion. (Citation omitted.) Continuances should not be granted unless the reasons therefor are fully established. Hence, a motion for continuance should be supported by an affidavit showing sufficient grounds. (Citation

---

State v. Horne

---

omitted)." *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844. This assignment of error is overruled.

Defendant has made numerous assignments of error as to testimony by the State's witnesses as to what occurred during the beating, descriptions of injuries received by the prosecuting witness, evidence found by the Charlotte Police Department, and admission into evidence of the blood-stained board allegedly used in the beating. We have carefully reviewed these exceptions and hold that the trial court did not commit prejudicial error in allowing testimony and the board into evidence. This assignment of error is overruled.

[4] Defendant contends that the trial court erred in its charge to the jury. From the evidence presented at trial, all essential elements of the offense of robbery with a dangerous weapon or the lesser offense of common law robbery were presented for evaluation by the jury. The trial court correctly charged the jury as to what evidence it could consider in arriving at a verdict on the issue of robbery with a dangerous weapon or common law robbery. The trial court also instructed the jury as to the requisite elements of the primary offense charged and the lesser included offense of common law robbery. It was unnecessary to instruct upon the offense of assault, because, although an assault may be a lesser included offense of robbery, there was no evidence in this case to support a verdict of guilty of such lesser offense. The State's evidence would support only a verdict of guilty of robbery with a dangerous weapon, of common law robbery, or of not guilty. If defendant's evidence were believed, it would support only a verdict of not guilty upon the grounds that defendant acted in self-defense.

This assignment of error is overruled.

The defendant had a fair trial, free from prejudicial error.

No error.

Judges MORRIS and CARSON concur.